Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JOSEPH RANDOLPH MAYS

SEP 3 0 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

*Your full name*

## FEDERAL TORTS CLAIM ACT
## COMPLAINT

v.

Civil Action No.: 5:20 cv212

*(To be assigned by the Clerk of Court)*

UNITED STATES OF AMERICA

Bailey
Mazzone
Blalock

## I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.    PLAINTIFF

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Your full name: JOSEPH RANDOLPH MAYS   Inmate No.: 43487-007
Address: FEDERAL CORRECTIONAL INSTITUTION - GILMER
PO BOX 6000 GLENVILLE, WV 26351-6000

## III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: FEDERAL CORRECTIONAL INSTITUTION - GILMER

A.    Is this where the events concerning your complaint took place?
☑ Yes    ☐ No

---

Attachment A

If you answered "NO," where did the events occur?

N/A

IV.    PREVIOUS LAWSUITS

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☐ Yes    ☒ No

B.    If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s): __N/A__
Defendant(s): __N/A__

2.    Court: __N/A__
    *(If federal court, name the district; if state court, name the county)*

3.    Case Number: __N/A__

4.    Basic Claim Made/Issues Raised: __N/A__

5.    Name of Judge(s) to whom case was assigned: __N/A__

6.    Disposition: __N/A__
    *(For example, was the case dismissed? Appealed? Pending?)*

7.    Approximate date of filing lawsuit: __N/A__

---

Attachment A

8.    Approximate date of disposition. Attach copies:___*N/A*___

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?  *N/A*
☐ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.  ___*N/A*___

_____

_____

_____

E.    Did you exhaust **ALL** available administrative remedies?
☐ Yes        ☐ No  *N/A*

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.  ___*N/A*___

_____

_____

_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Plaintiff(s): ___*N/A*___

Defendant(s): ___*N/A*___

_____

**Attachment A**

2.    Name and location of court and case number: _N/A_

3.    Grounds for dismissal:    ☐ frivolous        ☐ malicious    _N/A_
      ☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _N/A_

5.    Approximate date of disposition: _N/A_

V.    ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim, with the appropriate BOP Regional Office?
      ☑ Yes        ☐ No

B.    If your answer is "YES," answer the questions below:

      1.    Identify the type of written claim you filed: _FTCA_

      2.    Date your claim was filed: _11/ /2019  and  12/16/2019 See ⊕_

      3.    Amount of monetary damages you requested in your claim:
            † _$50,260.24 / $50,280.77 → ($260.24 / $280.77)_
            + Punitive damages not allowed in FTCA (after the fact)

      4.    If you received a written Acknowledgment of receipt of your claim from the BOP, state the:

            I.    Date of the written acknowledgment: November 12, 2019
            ★ ii.    Claim Number assigned to your claim: TRT-MXR-2020-01021
      ★ Followed up as requested to resend "lost" claim (SF-95). Received 12-23-19 ⊕

C.    If your claim involves individuals who are employed by government agencies **other than the BOP**, did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim with the appropriate government agencies?    ☐ Yes        ☐ No  N/A
      ⊕ Certified Mail Receipt: 7019 0700 0000 5734 2696  (24 pages total)
      Return Receipt #: 9590 9402 4305 8190 5916 89

Attachment A

D.    If your answer is "YES," answer the questions below:

1.    Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:
   _N/A_

2.    Identify the type of written claim(s) you filed: _N/A_

3.    Date your claim(s) were filed: _N/A_

4.    Amount of monetary damages you requested in your claim(s):
   _N/A_

5.    If you received a written Acknowledgment of receipt of your claim(s), state the:

   I.    Date of the written Acknowledgment: _N/A_

   ii.    Claim Number assigned to your claim: _N/A_

E.    If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
   ☐ Yes    ☑ No    _NOTE: They (BoP) never replied/responded_

1.    If you answered "YES," state the:

   I.    Date you requested reconsideration: _N/A_

   ii.    Date the agency acknowledged receipt of your request for reconsideration: _N/A_

## VI.    STATEMENT OF CLAIM

*State here, as* **BRIEFLY** *as possible, the facts of your case.* **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining. Describe exactly what each federal employee did.** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: The Plaintiff was subjected to the wrongful (non-discretionary) reduction of his inmate performance pay, which was vested, from Grade 2 to Grade 4, by the FCI Gilmer Education Department.

Supporting Facts: 1. FCI Gilmer Education Department Supervisor Ms. Yeager and Education Technician Ms. A. Wallace arbitrarily reduced the Plaintiff's performance pay for the month of October 2017.
2. The Plaintiff was hired to work in the Education Department in February 2017.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Ms. Yeager - FCI Gilmer Education Department Supervisor - FBOP
Ms. A. Wallace - FCI Gilmer Education Department - Education Technician - FBOP (Federal Bureau of Prisons)

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," please explain: Ms. Wallace, as the Education Technician, calculates the inmate (Plaintiff's) pay per policy. Ms. Yeager, as Education Supervisor, approves the inmate payroll and oversees the Education Department budget.

CLAIM 2: Failure to act

CLAIM 1: (contd...)                                    Attachment  A

3.  The Plaintiff was assigned to work in the Career Center and the Law Library and was also designated as the Law Library Clerk.

4.  The Plaintiff was also able to perform the duties of the Library Clerk and check out books to inmates and process books returned from inmates at the institution.

5.  The Plaintiff started out at pay grade 4 in February 2017.

6.  The Plaintiff was promoted to pay grade 3 in March 2017.

7.  The Plaintiff was promoted to pay grade 2 in May 2017, three months after he started working in the FCI Gilmer Library.

8.  The Plaintiff had become vested in pay grades 3 and 2, in March 2017 and May 2017, respectively.

9.  The Plaintiff received a bonus in July 2017, and September 2017 for total pay of $87.00 and $77.20, respectively.

10.  The pay for Grade 4 was $0.12 an hour.

11.  The pay for Grade 3 was $0.17 an hour.

12.  The pay for Grade 2 was $0.29 an hour.

13.  The Plaintiff's pay AND grade were unjustifiably reduced, to $17.64 and Grade 4, respectively, from $77.20 and Grade 2, by FCI Gilmer Education Department Supervisor Ms. Yeager and Education Technician, Ms. A. Wallace, who was the Plaintiff's immediate supervisor.

14.  The Plaintiff's pay decrease amounted to 77% of his normal pay, which was atypical considering the lack of a disciplinary infraction or official approval of the reduction.

Page  12A

CLAIM 1: (cont'd...)                                    Attachment A

15. As to paragraph 14., this decrease is the equivalent of earning only $11,424 out of a normal annual salary of $50,000.

16. The Plaintiff was told by Education Supervisor Ms. Yeager and Education Technician Ms. A. Wallace that the FY 2018 Education Department Budget had been cut.

17. The Plaintiff requested, but never received, information to confirm these alleged "budget cuts" mentioned by Ms. Yeager and Ms. A. Wallace.

18. The Plaintiff had received no disciplinary report or action to justify the reduction of his pay and grade.


CLAIM 2: (cont'd...)

21. The Plaintiff filed a grievance (BP-8) on November 8, 2017.

22. The Plaintiff had a meeting, in Ms. Yeager's office, on November 17, 2017, to discuss informal resolution.

23. No informal resolution was reached because the answers/relief (adequate relief) that the Plaintiff sought was not provided.

24. The Plaintiff filed a formal remedy (BP-9 - Request for Administrative Remedy - Remedy ID Number: 926049-F1), which was dated 11-21-2017 and sent to the Warden's (J. Saad) Office for resolution.

25. The Plaintiff had requested an extension of time to file his BP-9 with the C-2 Unit Counselor and the Warden's Office.

26. The FCI Gilmer Warden's Office acknowledged receipt of the Plaintiff's grievance on December 20, 2017.


Page 12B

CLAIM 2: (contid...)                                          Attachment A

27. A response was due from the Warden's Office, to the Plaintiff, on January 17, 2018.

28. The Plaintiff sent an Electronic "Request to Staff", dated January 29, 2018, requesting a response to his grievance (Remedy ID Number: 926049-F1).

29. As to allegation 28., the Plaintiff informed the Warden's Office that a response was past due by 12 days.

30. The Plaintiff filed an Administrative Remedy Appeal (BP-10 - Remedy ID Number 926049-R1), dated February 14, 2018, to the Mid-Atlantic Regional Office on 3-9-2018 via Certified Mail (7014 2120 0004 1487 9581), due to a lack of response from the FCI Gilmer Warden's Office.

31. The Mid-Atlantic Regional Office received the Appeal on 3-26-2018.

Supporting Facts: 19. Warden J. Saad failed to respond to the Plaintiff's grievance, which was received by her office on 12-28-2017 and had a response due on 1-17-2018.
20. Ms. A. Wallace and Ms. Yeager failed to restore the Plaintiff's full pay.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
Warden J. Saad (Retired) - FBOP (Federal Bureau of Prisons)(FCI Gilmer)
Ms. Yeager - Supv. Educ. Dept - FBOP (FCI Gilmer)
Ms. A. Wallace - Education Technician - FBOP (FCI Gilmer Education Dept.)

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☑ Yes     ☐ No

If your answer is "YES," please explain: Warden J. Saad was the CEO of FCI Gilmer and was responsible for training employees (Inmate Performance Pay) and for the orderly running of the institution. Ms. A. Wallace was responsible for calculating the Plaintiff's pay. Ms. Yeager is responsible for managing the inmate performance program and budget for the FCI Gilmer Education Department.

CLAIM 3: Failure to train.

Supporting Facts: 32. Warden Saad failed to train Ms. Yeager and Ms. A. Wallace on the proper operation of the Inmate Performance Pay Program. 33. Ian Connors failed to correct MXR ARC H. Williams on the Remedy ID #'s. 34. As to paragraph 32., this failure has resulted in multiple reoccurrences of these acts (non-discretionary/wrongful)(reduction of pay) since then.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
Warden J. Saad (Retired) - FBOP (Federal Bureau of Prisons)(FCI Gilmer)
Ian Connors - National Inmate Appeals Administrator - FBoP (Central office)

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☑ Yes     ☐ No

CLAIM 3: (contd...)                                          Attachment A

**35.** The Mid-Atlantic Regional Office wrongfully (non-discretionary) and intentionally changed the grievance/Remedy ID Number from 926049-R1 to 934991-R1.

**36.** As to paragraph 35., the Mid-Atlantic Regional Office Administrative Remedy Coordinator H. Williams changed the grievance number to prevent the Plaintiff from properly exhausting his grievance.

**37.** The Plaintiff filed an Administrative Remedy Appeal, dated 4-18-2018, to the Central Office Administrative Remedy Coordinator Ian Connors, on 4-20-2018, via Certified Mail (Receipt Number: 7016 2710 0000 1747 4911).

**38.** Ian Connors changed the Plaintiff's Remedy ID Number of his grievance back to the Correct number (926049-A1).

**39.** Central Office ARC Ian Connors directed the Plaintiff to resend the Administrative Remedy Appeal (BP-10 - Remedy ID Number 926049-R2) to the Mid-Atlantic Regional Office (H. Williams) and note the lack of Warden response to 926049-F1.

**40.** As to paragraph 39., Ian Connors asked the Mid-Atlantic Regional Office to re-review the Plaintiff's grievance.

**41.** The Plaintiff resent his Administrative Remedy Appeal (BP-10), dated 6-20-2018, via Certified Mail (Receipt Number: 7016 2710 0000 1747 4459).

**42.** The Mid-Atlantic Administrative Remedy Coordinator failed to re-review the grievance and changed the grievance/Remedy ID Number back to 934991[-R2], even despite the correction back to 926049 by and the directions from Central Office Administrative Remedy Coordinator Ian Connors.

Page 13A

Attachment A

If your answer is "YES," please explain: Warden J. Saad, as CEO, was responsible for training her subordinates on the proper operation of the Inmate Performance Pay Program. Ian Connors is responsible for monitoring the Administrative Remedy Program at the Central Office.

CLAIM 4: Abuse of process

Supporting Facts: . H. Williams intentionally changed the Remedy ID Number from 926049-R1 to 934991-R1, despite the fact that the Plaintiff submitted a copy of the grievance receipt (926049-F1) AND told them that the Warden's Office DID NOT respond.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual: H. Williams - Mid-Atlantic Regional Administrative Remedy Coordinator - FBOP (Mid-Atlantic Regional Office)

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☑ Yes    ☐ No

If your answer is "YES," please explain: H. Williams, as the Regional Administrative Remedy Coordinator, is responsible for monitoring the Administrative Remedy Program at the Regional level. They are also responsible for signing any rejection notices and ensuring the accuracy of SENTRY entries and serve as the primary point of contact for the Warden or Regional Director.

CLAIM 5: N/A

Supporting Facts: N/A

_United States District Court_                    14                    _Northern District of West Virginia-2013_

CLAIM 4: (cont'd...)                                        Attachment  A

43. The Plaintiff incorporates paragraphs 1. through 42. as though they were stated fully herein.

44. The Plaintiff filed a second Administrative Remedy Appeal, dated 7-25-2018, to the Central Office Administrative Remedy Coordinator Ian Connors via Certified Mail (7016 2710 0000 1743 3246).

45. Central Office Administrative Remedy Coordinator Ian Connors failed to see that the Plaintiff DID resend his second Appeal (BP-10), dated 6-20-2018, to the Mid-Atlantic Regional Office as directed.

46. Central Office ARC Ian Connors acknowledged the changed grievance number (926049 back to the incorrect number - 934991) with another Rejection Notice dated September 11, 2018.

47. The Plaintiff filed a third Administrative Remedy Appeal (BP-10), dated 10-11-2018, to the Mid-Atlantic Regional Office.

48. C-3 Unit (FCI Gilmer) Counselor A. Sligar refused to give the Plaintiff the proper form (yellow BP-10 (Administrative Remedy Appeal)) and the Plaintiff had to duplicate the form, on his own, in order to be timely for filing his grievance.

49. As to paragraph 48., the counselor refused to make himself available and was aware of the Plaintiff's institution work schedule.

50. The Plaintiff's grievances were wrongfully (non-discretionary) and intentionally held, in the C-3/C-4 Unit Staff area and/or the mailroom.

51. As to allegation 50., the Central Office responses, dated 8-16-2018 (926049-A2) and 9-11-2018 (934991-A1), were received 44 and 29 days, respectively, after the dates on the notices.

Page 14A

CLAIM 4: (cont'd...)                                      Attachment A

**52.** The Plaintiff filed a third Administrative Remedy Appeal to Central Office ARC Ian Connors dated 12-11-2018.

**53.** Central Office Administrative Remedy Coordinator Ian Connors restated that the Mid-Atlantic Regional Office assigned the wrong Remedy ID Number (934991).

**54.** Central Office ARC Ian Connors stated, in the Rejection Notice dated 2-28-2019, that the Plaintiff's Appeal should have been ACCEPTED on 3-26-2018 and any delays after this date are irrelevant since the Mid-Atlantic Regional Office rejected the Plaintiff's Appeal for the sole purpose of filing at the institution.

**55.** The Plaintiff went over and above to exhaust his grievance (926049), but was ignored (lack of Warden response) and misguided (intentional change of Remedy ID Number to 934991), despite multiple acknowledgements of the same, by Central Office ARC Ian Connors, and, a failure, by him, to correct/ address these issues with those staff members.

Page 14B

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_N/A_

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?       □ Yes       □ No       _N/A_

If your answer is "YES," please explain: _N/A_

## VII.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. _The Plaintiff had his inmate performance pay dropped from Grade 2, which was vested, to a Grade 4, without justification/approval, in Oct 2017. The Plaintiff's pay was decreased approximately 77%, which is significant, considering the minimal pay that the Plaintiff received._

## VIII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Order the Defendants to reimburse the Plaintiff's back pay + admin costs
2. Order the Defendants to cease and desist from arbitrarily cutting inmate pay (performance)
3. Order the Defendants to be trained on the proper operation of the Administrative Remedy system to include responding to grievances and recording the correct grievance number at each level of the grievance process.
4. Order the Defendants to be trained in the proper operation of the Inmate Performance Pay Program.

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  FCI Gilner Po Box 6000 Glenville, WV 26351 on ___9-24-2020___.
             (Location)         6000       (Date)

_____
Your Signature

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH RANDOLPH MAYS, pro se
_____

_Your full name_

v.                                         Civil Action No.: _____

UNITED STATES OF AMERICA

### Certificate of Service

I, JOSEPH RANDOLPH MAYS _____ (your name here), appearing _pro se_, hereby certify that

I have served the foregoing  FTCA Complaint  (title of document being sent)

upon the defendant by depositing true copies of the same in the United States mail,

postage prepaid, upon the*following counsel of record for the defendant on

9 - 24 - 2020 (insert date here):

(List name and address of counsel for the defendant)

*Please file a copy electronically to
Assistant US Attorney's Office
PO Box 591
1125 Chapline Street
Suite 3000
Wheeling, WV 26003

(sign your name)